### WINSLOW, HARRIS & CO. v. TURNER *et al.*

1. **Practice:** CERTIFICATE OF EVIDENCE. The Supreme Court will not try a chancery cause *de novo* where the certificate of the clerk does not show affirmatively that the record sent up embraces all the evidence.

*Appeal from Blackhawk District Court.*

WEDNESDAY, APRIL 18.

*Bagg & Allen* for the appellants.

*Shane & McCartney* for the appellees.

WRIGHT J. — *In equity.* It is objected by appellees that it does not sufficiently appear in any of the methods pointed out by the law, and the prior decisions of this court, that all of the evidence upon which the case was tried below is ascertained in the record. As this question is preliminary, it first demands attention, and especially as, in our opinion, it disposes of this appeal. That all the evidence is before us, is not attempted to be shown otherwise than by the certificate of the clerk. attached to the transcript. This states that he certifies full and complete copies of certain pleadings, as also original depositions, but he nowhere states that he sends up all the record and evidence. The certificate is peculiar in its form, and its exact meaning is not readily understood. We have had occasion, however, to so often

*[margin note: 1. PRACTICE: certificate of evidence.]*

announce the rule on this subject, and it is so important to the safe and correct adjudication of causes, that it should be followed, that we do not feel at liberty to depart from it. It certainly is not difficult to say in a certificate in so many words, that the record is full and complete, or that it contains all the testimony, or something to the same effect; and when there is a failure to do this, safety to parties demands that we should not accept anything less as a compliance with the rule so often announced. Upon this subject see *Hayden & Butterworth* v. *Wiltse*, 13 Iowa, 604; *Cook* v. *Woodbury*, Id., 21; *Gray, Phelps & Co.* v. *Montgomery*, 17 Id., 65; *Garner* v. *Pomroy*, 11 Id., 149; *Van Orman* v. *Spafford, Clark & Co.*, 16 Id., 186; *Kellogg* v. *Kelsey*, Id., 388; *Fords* v. *Vance*, 17 Id., 94.

The record, then, not being in such shape as to enable us to examine the case *de novo*, it would ordinarily follow that the judgment should be unconditionally affirmed. Under the circumstances of the case, however, the objection being made on the hearing, after the appellant's argument was filed and in the absence of their counsel, we feel disposed to affirm, but without prejudice to plaintiffs' rights to prosecute a new appeal if they shall be so advised; and it is accordingly so ordered.

Affirmed.